IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 2:08CR12-2 |
| ) | (Financial Litigation Unit) |
| JAYDA ARLENE PHEASANT, ) | |
| ) | |
| and ) | |
| ) | |
| EASTERN BAND OF CHEROKEE INDIANS, ) | |
| Garnishee. ) | |

**ORDER OF GARNISHMENT**

**THIS MATTER** is before the Court on the answer of the Eastern Band of Cherokee Indians ("Tribe"), as the Garnishee and the United States of America.

On October 30, 2008, this Court sentenced the Defendant to serve 30 months incarceration for his convictions for assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 113, 1153 and 2. *Judgment in a Criminal Case, filed November 5, 2008*. As part of that Judgment, the Defendant was ordered to pay an assessment of $100.00 and restitution of $93,932.57 to the victims of the crime. *Id.* Subsequently, the United States sought to garnish defendant Jayda Arlene Pheasant's gaming *per capita* revenue. On May 11, 2010, the Court entered a Writ of Continuing Garnishment to the Eastern Band of Cherokee Indians. The United States is entitled to garnishment and has satisfied the prerequisites set forth in 15 U.S.C. §1673.

The Tribe filed and answer on July 1, 2010, and states that it is a sovereign Indian Nation and; that it anticipates receiving future per capita distributions, generally in June and December of each year.

Indian tribes have traditionally been considered sovereign nations which possess common

law immunity from suit; however, that immunity may be abrogated by Congress. *C & L Enter., Inc. v. Citizens Band of Potawatomi Indian Tribe of Oklahoma,* 532 U.S. 411(2001). When Congress enacted the Federal Debt Collection Procedure Act in 1990, ("FDCPA"), it defined a "garnishee" as any person who has custody of any property in which the debtor has a substantial nonexempt interest; and, it defined "person" as including an Indian tribe. 28 U.S.C. §§ 3002(7) and (10). "Congress has the power to statutorily waive a tribe's sovereign immunity." *Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Comty.,* 991 F.2d 458, 462 (8th Cir. 1993). The Federal Debt Collection Procedure Act uses unequivocal language to waive this immunity. *C&L Enter., supra*.

As a result, the Tribe as the Garnishee, must pay over to the federal government any property in which the Defendant has a nonexempt interest. *United States v. Weddell,* 12 F.Supp.2d 999, 1000 (D.S.D. 1998), *aff'd*, 187 F.3d 634 (table), 1999 WL 319323 (8th Cir. 1999). That property includes a *per capita* distribution to tribal members of gaming revenues. *Id.; accord, In re Kedrowski,* 284 B.R. 439 (Bankr.W.D. Wis. 2002).

**IT IS THEREFORE, ORDERED** that an Order of Garnishment is hereby **ENTERED** in the amount of $60,343.31, computed through May 4, 2010, which attaches to each *per capita* distribution of gaming revenues on account of the defendant Jayda Arlene Pheasant, until the full amount of the Judgment is satisfied.

law immunity from suit; however, that immunity may be abrogated by Congress. *C & L Enter., Inc. v. Citizens Band of Potawatomi Indian Tribe of Oklahoma,* 532 U.S. 411(2001). When Congress enacted the Federal Debt Collection Procedure Act in 1990, ("FDCPA"), it defined a "garnishee" as any person who has custody of any property in which the debtor has a substantial nonexempt interest; and, it defined "person" as including an Indian tribe. 28 U.S.C. §§ 3002(7) and (10). "Congress has the power to statutorily waive a tribe's sovereign immunity." *Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Comty.,* 991 F.2d 458, 462 (8th Cir. 1993). The Federal Debt Collection Procedure Act uses unequivocal language to waive this immunity. *C&L Enter., supra*.

As a result, the Tribe as the Garnishee, must pay over to the federal government any property in which the Defendant has a nonexempt interest. *United States v. Weddell,* 12 F.Supp.2d 999, 1000 (D.S.D. 1998), *aff'd*, 187 F.3d 634 (table), 1999 WL 319323 (8th Cir. 1999). That property includes a *per capita* distribution to tribal members of gaming revenues. *Id.; accord, In re Kedrowski,* 284 B.R. 439 (Bankr.W.D. Wis. 2002).

**IT IS THEREFORE, ORDERED** that an Order of Garnishment is hereby **ENTERED** in the amount of $60,343.31, computed through May 4, 2010, which attaches to each *per capita* distribution of gaming revenues on account of the defendant Jayda Arlene Pheasant, until the full amount of the Judgment is satisfied.

Signed: July 29, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge