IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:08 cr 12-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JAYDA ARLENE PHEASANT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** has come before the undersigned pursuant to a Motion for Limited Release on Bond (#168) filed by counsel for Defendant. In the motion, counsel requests that Defendant be released from detention so she can be taken by her mother from the Swain County Jail to the Analenisgi Cherokee Mental Health in Cherokee, North Carolina for the purpose of Defendant completing a Batterer's Assessment.

18 U.S.C. § 3142(f)(2) provides the following in regard to reopening a detention hearing:

> The hearing may be reopened, before or after determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

1

In a Petition (#163) filed on February 7, 2014, it was alleged by the United States Probation Office that Defendant had violated terms and conditions of her supervised release. The allegations against Defendant included: (1) allegations that Defendant was ordered on August 26, 2013 to complete the Batterer's Treatment program at Analenisgi and that Defendant had failed to report; (2) that Defendant had committed a federal, state or local crime in that on or about February 2, 2014 she committed the offenses of four counts of child abuse in the second degree in violation of the Cherokee Code. A detention hearing was held before the undersigned on February 24, 2014 and at that time this Court entered an Order detaining Defendant. (#165 & #166) In the Order of detention (#166) the undersigned found that Defendant had been ordered on April 2, 2013 to complete a Batterer's Assessment at the Analenisgi Treatment Center in Cherokee, North Carolina by the Cherokee Tribal Court. Thereafter, this Court, on June 13, 2013, ordered Defendant to complete the Batterer's Assessment and to provide a certificate of completion of the program to her probation officer. On August 21, 2013, United States District Judge Martain Reidinger ordered Defendant to complete the Batterer's Treatment Program. Her probation officer requested, on at least six occasions, that Defendant complete the Batterer's Treatment Program. Defendant did not do so. On February 4, 2014, Defendant was charged with multiple counts of child abuse based upon her leaving her four minor children

alone in an apartment where the Defendant and the children resided. The Defendant's criminal record shows that she was sentenced for the crime of assault with a dangerous weapon on October 30, 2008 from this Court and on April 2, 2013 she entered a plea of guilty in Cherokee Tribal Court for the crime of domestic violence and simple assault.

The Motion (#168) does not show that information exists that was not known to Defendant at the time of the detention hearing or that has material bearing on the issue of whether or not there are conditions of release that would reasonably assure the appearance of the Defendant and the safety of any other person and the community. It appears from the motion that Defendant has now decided to begin the process of complying with the Orders of three different judges, the first order being entered one year ago. Such a showing does not show there is information that exists that was not known to the Defendant at the time of the hearing and is not information that is material to the issue of release. The hearing of the Petition is scheduled to take place before District Judge Martin Reidinger on April 17, 2014 which is approximately in two weeks. At that time, the District Court can determine whether or not Defendant will now comply with the Orders of the Court, or if Defendant should be detained for violation of her supervised release. For the foregoing reasons, the undersigned has determined to enter an Order denying the motion.

# ORDER

**IT IS, THEREFORE, ORDERED** that the Motion For Limited Release on Bond (#168) is hereby **DENIED.**

Signed: April 3, 2014

Dennis L. Howell
United States Magistrate Judge